**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

DARRIN LAPINE,

              Plaintiff,                            Case No. 20-12423

v.

C/O BOOTH, ET AL,

              Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff filed a prisoner civil rights case under 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed an incomplete application for leave to proceed in forma pauperis. Plaintiff was ordered to correct his filing deficiency by November 2, 2020, by filing the necessary forms or by paying the entire filing fee. (ECF No. 3.) On December 15, 2020, over a month past the due date, the case was dismissed due to Plaintiff's failure to correct his filing deficiency or pay the fee. (ECF No. 5.)

Before the court is Plaintiff's motion for reconsideration. (ECF No. 6) Plaintiff contends that he timely corrected his filing deficiency by filing the necessary forms for applying for in forma pauperis status. In support of this contention, Plaintiff attaches a legal mail disbursement form. The form indicates that on October 20, 2020, a piece of legal mail was mailed by Plaintiff from his facility to the court. (*Id.*, PageID.64-65.)

To prevail on a motion for reconsideration, a party "must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will

result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015) (Steeh, J.).

Despite Plaintiff's claim that he timely filed the requested materials, the fact remains that the court is not in possession of the forms required for a prisoner to apply to proceed in forma pauperis. Be that as it may, it would not have mattered if the forms had been received instead of Plaintiff paying the filing fee. Plaintiff would have been denied permission to proceed in forma pauperis in any event under the three-strikes rule. *See LaPine v. Booth*, No. 21-10698, 2021 U.S. Dist. LEXIS 77944, 2021 WL 1600040, *2 (E.D. Mich. April 23, 2021) (cataloging Plaintiff's extensive history of filing claims that were struck as frivolous, malicious, or failing to state a claim). Nor for the reasons stated in *Booth* do Plaintiff's claims come under the imminent-danger exception to the three-strikes rule. *Id.*, at *3-4. Similar to *Booth*, the present case concerns the alleged failure of the Michigan Department of Corrections to authorize back surgery along with making associated retaliation claims.

Finally, the court notes that *Booth* enjoined Plaintiff from filing a new action without first obtaining leave from the court. *Id.*, at *6. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 6) is DENIED.

                                             s/Robert H. Cleland              /
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: August 6, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2021, by electronic and/or ordinary mail.

                                             s/Lisa Wagner                   /
                                             Case Manager and Deputy Clerk
                                             (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Staff Attorney\20-12423.LAPINE.MotionForRecon.BB.AAB.docx